UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JESUS GOMEZ,

    Plaintiff,

v.                                                                                    CASE NO.: 22-cv-00775

KRUSHIMI TWO, LLC d/b/a
Hungry Howie's Pizza,

    Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, JESUS GOMEZ, (hereinafter "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint and Demand for Jury Trial against Defendant, KRUSHIMI TWO, LLC d/b/a Hungry Howie's Pizza (hereinafter "Hungry Howie's" or "Defendant"), and states the following:

**NATURE OF ACTION**

1. Plaintiff brings this action against the Defendant, his former employer, for failure to pay Plaintiff's wages in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. §§201 – 219 ("FLSA") and for breach of contract under Florida Common Law.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, and 28 U.S.C. §1343, and 29 U.S.C. § 216(b).

3. The Court has personal jurisdiction over this action because Hungry Howie's is principally located in Hillsborough County, Florida, and the damages at issue occurred in Hillsborough County, Florida.

4. Venue is proper in the Middle District of Florida under 28 U.S.C. § 1391(b)(2) because all events giving rise to these claims occurred within this judicial district and Defendant employed Plaintiff at a location within this judicial district.

## PARTIES

5. At all times material hereto, Plaintiff was and continues to be a resident of Hillsborough County, Florida, in the Middle District of Florida.

6. Defendant is a limited liability corporation organized under the laws of Florida and operates a restaurant in Hillsborough County, Florida.

7. At all times material hereto, Plaintiff was an "employee" of the Defendant within the meaning of the FLSA.

8. At all times material hereto, Defendant was and continues to be an "employer" within the meaning of the FLSA.

## ALLEGATIONS OF FACT

9. In October 2021, Plaintiff was hired by Defendant as an assistant manager.

10. Plaintiff began his employment with Defendant at a location in Hillsborough County, Florida, within the Middle District of Florida. Specifically, Plaintiff was employed at 15359 Amberly Drive, Tampa, Florida 33647.

11. In that role, Plaintiff earned fourteen ($14.00) dollars an hour.

12. From December 20, 2021, to January 5, 2022, Plaintiff worked a total of ninety-two (92) hours, amounting to $1,288.00 in earned wages.

13. On January 5, 2022, Defendant terminated Plaintiff's employment.

14. Plaintiff was not fully compensated for the wages related to his employment at Hungry Howie's from December 20, 2021, through January 5, 2022. Plaintiff has only received a payment of $100.00 from Defendant as a final check.

15. Defendant has willfully and intentionally violated the FLSA by failing to compensate Plaintiff for the wages he earned through his employment.

16. Plaintiff was entitled to be paid at the rate of fourteen dollars an hour for all hours worked plus time-and-a-half for all overtime hours.

17. Plaintiff has incurred attorney's fees and costs in bringing this lawsuit.

## COUNT I
## Unpaid Minimum Wage Under the FLSA

18. Plaintiff incorporates by reference the allegations set forth in paragraphs one (1) through seventeen (17) above.

19. Defendant was an employer of the Plaintiff within the meaning of the FLSA.

20. Plaintiff was an employee of Defendant within the meaning of the FLSA and, while so employed, was engaged in commerce. 29 U.S.C. Section 202(a) and 29 C.F.R. Section 552.99.

21. Defendant's annual gross revenue exceeded $500,000.00.

22. Plaintiff was employed by Defendant within the three-year period immediately preceding the filing of this action.

23. Defendant agreed to pay Plaintiff on a weekly basis.

24. Defendant employed Plaintiff to work but failed to compensate him in accordance with the minimum wage provisions provided in the FLSA.

25. Defendant knew or should have known that Plaintiff was entitled to receive compensation at the minimum wage for all hours worked. Despite this fact, Defendant failed and refused to pay Plaintiff at the requisite minimum wage rate for the period of time referenced in this lawsuit.

26. As a consequence of Defendant's violation of the FLSA, Plaintiff is entitled to the minimum wage for all hours worked for each week he was employed by Defendant and for which he was not paid the requisite minimum wage.

27. Defendant's actions complained of herein were deliberate, willful, and without good faith or any legal justification within the meaning of 29 U.S.C. Section 216(b).

**WHEREFORE**, Plaintiff, Jesus Gomez requests the following relief:

(a) That the Court find Defendant in violation of the minimum wage provisions of the FLSA;

(b) That the Court find Defendant's violation was willful;

(c) That the Court award Plaintiff compensation for the period of time referenced in this lawsuit AND liquidated damages of an equal amount of the unpaid wages, in addition to penalties and interest on said award pursuant to FLSA § 216;

(d) That the Court award Plaintiff reasonable attorney's fees and costs pursuant to FLSA § 216; and

(e) That the Court award any other legal and equitable relief as this Court may deem appropriate.

## COUNT II
### Breach of Contract Under Florida Common Law

28. Plaintiff realleges and readopts the allegations of paragraphs one (1) through seventeen (17) of this Complaint, as though fully set forth herein.

29. Plaintiff worked for Defendant under an agreement whereby Defendant would pay Plaintiff fourteen dollars for each hour ($14.00/hr) worked.

30. Defendant failed to compensate Plaintiff for all wages owed to Plaintiff from December 20, 2021, through January 5, 2022.

31. Defendant's breach of contract caused Plaintiff to suffer damages in the form of unpaid wages in the amount of $1,188.00.

**WHEREFORE**, Plaintiff, Jesus Gomez requests the following relief:

(a) That the Court find that Defendant breached its contract with Plaintiff by failing to pay Plaintiff's earned wages;

(b) That the Court award damages to Plaintiff equal to Plaintiff's unpaid wages.

(c) That the Court award any other legal and equitable relief as this Court may deem appropriate.

## **JURY TRIAL DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated this 1st day of April 2022.

>Respectfully submitted,
>
>*/s/ Gary L. Printy, Jr., Esq*
>Gary L. Printy, Jr., Esq.
>Florida Bar No. 41956
>**PRINTY & PRINTY, P.A.**
>3411 W. Fletcher Ave., Suite A
>Tampa, Florida 33618
>Telephone (813) 434-0649
>FAX (813) 423-6543
>garyjr@printylawfirm.com
>***Attorney for Plaintiff***